CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 03 2006

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CLINTON BRINSON, ) | |
|     Petitioner, ) | Civil Action No. 7:06cv00262 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TERRY O'BRIAN, WARDEN ) | By: Samuel G. Wilson |
|     Respondent. ) | United States District Judge |

Petitioner Clinton Brinson, a federal inmate proceeding pro se, brings this action pursuant to 28 U.S.C. § 2241. Brinson was convicted in the United States District Court for the Eastern District of North Carolina of conspiracy to possess with intent to distribute crack cocaine and for distribution of cocaine base. The court sentenced Brinson to 270 months imprisonment followed by a period of supervised release. Brinson now alleges that his sentence is unconstitutional under United States v. Booker, 125 S.Ct. 738 (2005).

Ordinarily, a petition pursuant to 28 U.S.C. § 2255, not 28 U.S.C. § 2241, is the appropriate vehicle for challenging the imposition of a sentence,[1] unless a petition pursuant to 28 U.S.C. § 2255 is "inadequate and ineffective" for that purpose. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A petition pursuant to § 2255 is "inadequate and ineffective" to challenge the imposition of a sentence only when 1) settled law established the legality of the conviction or sentence at the time imposed; 2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. Id. The Supreme

---

[1] See U.S. v. Little, 392 F.3d 671, (4th Cir. 2004) ("[An] attack on the execution of [a] sentence and not a collateral attack on [a] conviction . . . [is] properly brought under 28 U.S.C.A. § 2241.").

"A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." In re Jones, 226 F.3d at 332 (citing 28 U.S.C. § 2241(a)).

Court's <u>Booker</u> decision did not render legal the conduct for which Brinson was convicted; therefore, he may not resort to § 2241. Accordingly, the court dismisses Brinson's § 2241 petition.

**ENTER**: This ___ day of May, 2006.

_____
UNITED STATES DISTRICT JUDGE